UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY WILSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS INC.<br><br>Defendant. | Civil Action No. 2:18-cv-11960-WJM-MF<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Judy Wilson ("Plaintiff"), residing at 27755 Andy Riggs Road, Grand Ronde, Oregon 97347, individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge, against Defendant Quest Diagnostics Inc. ("Quest" or "Defendant"), headquartered at 500 Plaza Drive, Secaucus, New Jersey 07094.

## NATURE OF THE ACTION

1. Quest called Ms. Wilson's cellular telephone at least once using an automatic telephone dialing system ("ATDS"), including a call on June 20, 2018 from telephone number 888-789-5118.

2. Quest called Plaintiff about a debt owed by someone other than herself. As such, Plaintiff never provided express written consent to be called by

Quest.

3. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an ATDS without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").

## PARTIES

4. Plaintiff Judy Wilson is, and at all times mentioned herein was, a resident of Grand Ronde, Oregon, and a citizen of the State of Oregon.

5. Defendant Quest Diagnostics Inc. is incorporated in the State of Delaware, with a principal place of business at 500 Plaza Drive, Secaucus, New Jersey 07094.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28

U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is headquartered in this District, Defendant transacts significant business within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.    The Telephone Consumer Protection Act Of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

11. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure

3

must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839

("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.      Defendant's Calls to Plaintiff and Class Members**

12.     Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant.  Plaintiff has never consented in writing, or otherwise, to receive autodialed calls from Defendant to her cellphone.  Plaintiff has never provided Defendant with her telephone number.

13.     Defendant called Plaintiff at least once using an ATDS without her prior express written consent.

14.     When Plaintiff answered Defendant's calls, she heard a momentary pause before someone started speaking to her.  This pause is a hallmark of a predictive dialer.  According to experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.  In addition, the FCC's 2003 and 2008 Orders, which remain valid, both define predictive dialers as ATDSs for purposes of the TCPA.

15.     The purpose of Defendant's call to Plaintiff was to collect a debt owed

by someone other than Plaintiff. As such, Plaintiff was not the intended recipient of the call. Plaintiff never provided express written consent to be called by Quest.

16. Plaintiff is not alone in regards to being a victim of Quest's unlawful and harassing practices. Online consumer complaints regarding Defendant's unsolicited phone calls from the same number have been well documented:

- "Quest Diagnostics automated call"[1]

- "Quest Diagnosis [(sic)] just called cell phone AGAIN from an auto dialer... We just sent a letter via email and us mail and ask that they quit calling our cell phones per the TCPA... They refuse to abide by the law I guess?"[2]

- "I keep getting this call on my work phone. I contacted Quest and they said that I have no outstanding bills. Kind of fishy to me. I'm not calling them back."[3]

- "I have received upwards of 10 automated calls now from [']Quest Diagnostics['], requesting that I call them back and use a code to access my account. They have called asking to speak to 2 different people, both having the same last name as me but neither of the first names are mine. I have since called the local Quest office here and they assure me I do not owe them anything."[4]

- "A lady called from 888-789-5118 ext 2759 asking for a Theresa with the same last name. They tried to look my account up with no record luck they then transferred me to the correct extension and she could not find me in there system. Come to find out they are skip tracing debtors from web sites and showed I could be related to "Theresa" which I am not! I bet most of their calls are not intended for the number they are calling they are looking for some Joe Smoe that may owe money to someone. They are trying everything to get their money."[5]

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and on behalf of all

---

[1] https://800notes.com/Phone.aspx/1-888-789-5118 (last checked July 9, 2018).
[2] *Id.*
[3] *Id.*
[4] https://whocallsme.com/Phone-Number.aspx/8887895118 (last checked July 9, 2018).
[5] *Id.*

5

other persons similarly situated.

    18. Plaintiff proposes the following Class definition:

> All persons within the United States who were not listed in Defendant's records as the intended recipient of a telephone call, and from four years prior to the filing of this action to the date that class notice is disseminated, received from or on behalf of Defendant one or more telephone calls on their cellular telephone.

    19. Plaintiff represents, and is a member of, this proposed class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

    20. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, and the number of online complaints, that the class is so numerous that individual joinder would be impracticable.

    21. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

22. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed class can be identified easily through records maintained by Defendant.

23. There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class.  Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to class members using a predictive dialer with the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers, without their prior express written consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages, and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

24. As a person who received calls from Defendant on her cellular telephone using an ATDS, Plaintiff asserts claims that are typical of each member

of the class.  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

25. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

26. A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

27. Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not

entered.

## CAUSES OF ACTION

### FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

28.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

29.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

30.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

31.     Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

32.     Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

33. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

37. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by

      Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

f. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  August 31, 2018	Respectfully submitted,

By:   */s/ Andrew Obergfell*
	Andrew Obergfell

**BURSOR & FISHER, P.A.**
Andrew Obergfell
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail:  aobergfell@bursor.com

*Attorneys for Plaintiff*