# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY WILSON, on behalf of herself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**QUEST DIAGNOSTICS INC.,**<br><br>**Defendant.** | Civ. No.: 2:18-11960<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter arises out of Plaintiff Judy Wilson's ("Plaintiff's") allegation that Defendant Quest Diagnostics Inc. ("Defendant") violated the Telephone Consumer Protection Act of 1991 ("TCPA") when Defendant made an unsolicited call to Plaintiff using a predictive dialer. The matter comes before the Court on Defendant's motion for reconsideration, ECF No. 45, of the Court's December 10, 2018 opinion ("Opinion"), ECF No. 14, denying Defendant's motion to dismiss. For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND

Defendant argues the Court should reconsider its Opinion because a subsequently decided Supreme Court case, *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051 (2019), brought about an intervening change in the law. *See* Mot. at 2-5. Defendant is incorrect. In *PDR Network*, the Supreme Court was "asked to decide whether the Hobbs Act's commitment of 'exclusive jurisdiction' to the courts of appeals requires a district court in a private enforcement suit like this one to follow the FCC's 2006 Order interpreting the [TCPA]." 139 S. Ct. at 2055. The Court declined to answer that question because "the extent to which the Order binds the lower courts may depend on the resolution of two preliminary sets of questions." *Id.*

In a concurring opinion, Justice Kavanaugh concluded "the Hobbs Act does not expressly preclude judicial review of agency legal interpretations in enforcement actions. Therefore, the Hobbs Act does not bar [a party] from arguing that the FCC's legal interpretation of the TCPA is incorrect. The District Court is not bound by the FCC's interpretation." *Id.* at 2066 (Kavanagh, J., concurring). Justice Thomas also issued a concurrence stating the FCC rule at issue was "clearly interpretive" and not binding on district courts in enforcement actions. *See id.* at 2056 n.* (Thomas, J., concurring).

## II. DISCUSSION

Defendant urges this Court to reconsider its Opinion in accordance with Justice Kavanaugh and Thomas's concurrences. *See* Mot. at 4, ¶7-10. It argues that, as stated in those opinions, this Court was not bound by the FCC's 2003 and 2008 guidance on the definition of an "autodialer." *Id.* Thus, Defendant argues, because the Court followed 2003 and 2008 FCC

1

guidance in holding Plaintiff sufficiently alleged Defendant's use of an autodialer, the Opinion should be revisited.

Defendant's argument has two fatal flaws. First, it improperly relies on concurring opinions. Successful motions for reconsideration "rely on one of three grounds: (1) an intervening *change in controlling law*; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citation omitted) (emphasis added). Justices Kavanagh and Thomas's concurrances do not change "controlling law." *See Maryland v. Wilson*, 519 U.S. 408, 412–13 (1997) (finding statement in concurrence non-binding); *Germanio v. Goodyear Tire & Rubber Co.*, 732 F. Supp. 1297, 1300 (D.N.J. 1990) ("This court is bound by precedents, not concurrences"). Therefore, the Court rejects Defendant's arguments for reconsideration based on the concurrences. *See Lazaridis*, 591 F.3d at 669 (affirming denial of motion for reconsideration due to motion's improper basis).[1]

Second, excerpting Defendant's concurrence-based arguments, *PDR Network* did not change the law "controlling" this case. The majority opinion explicitly declined to answer whether district courts were required to accept the FCC guidance at issue because "the extent to which the Order binds the lower courts may depend on the resolution of two preliminary sets of questions." *PDR Network*, 139 S. Ct. at 2055 (majority opinion). The first question that the Court remanded for the Fourth Circuit to answer was whether the FCC Order was "legislative" or "interpretive." *Id.* "If the relevant portion of the 2006 Order is the equivalent of an 'interpretive rule,' it may not be binding on a district court, and a district court therefore may not be required to adhere to it." *Id.* Based on that passage, Defendant urges reconsideration because the guidance this Court relied on was "interpretive," and thus "not binding." Mot. at 5. But this argument was available long before *PDR Network* reiterated that interpretive rules may not be binding on district courts. Defendant's Motion even cites a 1977 Supreme Court opinion making the same proclamation. *See id.* (citing *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977)). Accordingly, "controlling law" has not changed.

Finally, in *PDR Network*, the Supreme Court also remanded to determine whether the defendant had "a 'prior' and 'adequate' opportunity to seek judicial review of the Order." *PDR Network*, 139 S. Ct. at 2055. "If the answer is 'no,' it may be that the Administrative Procedure Act permits PDR to challenge the validity of the Order in this enforcement proceeding." *Id.* at 2056. Here, Defendant argues it "could not have had a prior and adequate opportunity to seek a Hobbs Act appeal," and thus should be permitted to challenge FCC guidance relied on in the Opinion. Mot. at 9. But once again, regardless of the merits, that argument was available under the Administrative Procedures Act before *PDR Network*, and is thus an improper basis for reconsideration. *See* 5 U.S.C. § 703 ("*Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law*, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement." (emphasis added)); Pub. L. 94-574, § 1,

---

[1] Reliance on Justice Thomas's concurrence is especially misplaced, given that he explicitly *disagreed* with the majority opinion. *PDR Network*, 139 S. Ct. at 2056 n.* (2019) (Thomas, J., concurring) ("Contrary to the majority's suggestion . . . it therefore makes no difference whether the FCC order at issue here is a legislative rule or an interpretive rule.").

2

Oct. 21, 1976, 90 Stat. 2721 (enacting Section 703); *see also Lazaridis*, 591 F.3d at 669 (listing proper basis for reconsideration); *Boarhead Corp. v. Erickson*, 923 F.2d 1011, 1024 (3d Cir. 1991) (rejecting argument that statute provided inadequate review procedures).

### III. CONCLUSION

Because Defendant's arguments are not based on any actual change in controlling law, its Motion for Reconsideration, ECF No. 45, is **DENIED**. An appropriate order follows.

Date: September 3, 2019

WILLIAM J. MARTINI, U.S.D.J.