UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY WILSON, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>QUEST DIAGNOSTICS INCORPORATED,<br><br>      Defendant. | Civil Action No. 18-11960 (WJM)<br><br><br>OPINION |

**THIS MATTER** comes before the Court by way of Plaintiff Judy Wilson's motion for leave to file a Second Amended Complaint. Defendant, Quest Diagnostics Incorporated, opposes the motion. [ECF No. 70]. Upon review of the papers submitted, no oral argument is necessary. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Plaintiff alleges that Defendant called Plaintiff on her cell phone numerous times using an automatic telephone dialing system ("ATDS") seeking to collect on a debt. Plaintiff claims that she does not owe a debt to Defendant, is not a customer of Defendant, and has never provided Defendant with consent to call her. Plaintiff's class action complaint alleges that Defendant has engaged in a pattern and practice of autodialing consumers who have not consented to be called by Defendant.

The case has a fairly expansive procedural history for a relatively new case

that is still in the early stages of discovery. The initial Complaint was filed on July 23, 2018. [ECF No. 1.] Plaintiff filed a first amended complaint as a matter of right on August 31, 2018. [ECF No. 5.] On September 10, 2018, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 7.] On December 17, 2018, the Honorable William J. Martini, U.S.D.J. denied the motion to dismiss in its entirety. [ECF No. 14.]

After an initial Rule 16 conference was scheduled but before it was held, Defendant filed a motion to stay and/or bifurcate discovery. [ECF No. 23.] Defendant argued that the Court should hold discovery in abeyance while the FCC was evaluating certain administrative questions relating to an ATDS, or in the alternative, that discovery should be limited to the question of Plaintiff's consent to be called. [*Id*.] On August 22, 2019, the Undersigned denied Defendant's motion to stay or bifurcate and directed the parties submit a joint discovery plan. [ECF No. 47.] In addition, on July 3, 2019, Defendant filed, before District Judge Martini, a motion for reconsideration of His Honor's December 17, 2018 Opinion and Order that denied its motion to dismiss— Defendant's contention was that intervening Supreme Court authority warranted reconsideration of the decision on the motion to dismiss. [ECF No. 45.] On September 3, 2019, Judge Martini denied the motion for reconsideration. [ECF Nos. 49-50.]

On September 22, 2019, the Undersigned entered an initial scheduling order. Discovery is open through March 18, 2020. Any motions to amend pleadings were to be filed by October 31, 2019.

## **PLAINTIFF'S MOTION**

Currently before the Court is Plaintiff's motion for leave to file a Second Amended Complaint. The motion was filed on October 18, 2019, less than a month after the initial scheduling order was entered and prior to the October 31, 2019, deadline.

The motion to amend seeks to substitute out the named Plaintiff, Ms. Wilson, and replace her with two new plaintiffs: Kenneth Street and William Wolf. Plaintiff's counsel states that the reason for the substitution is that Ms. Wilson is ill, and is suffering

from a serious and extended illness,[1] that her condition has deteriorated, and that her health "prevents her from serving as a class representative in the case." Plaintiff claims that both substitute plaintiffs advance the same basic claims as she does: that they were called by Quest, did not owe Quest a debt, and did not consent to be called with either an ATDS or pre-recorded voice. Plaintiff does not seek to drop her case, but rather is only seeking to be substituted out as lead plaintiff. Plaintiff claims that the case is in the early stages, discovery is still open for some time, and that there is no prejudice from an early amendment.

Defendant's primary opposition is that Plaintiff's motion is procedurally improper. Specifically, it contends that Plaintiff should not be permitted to amend the complaint via Rule 15 to substitute new lead plaintiffs, but rather, should first be required to make a motion to voluntarily dismiss the case pursuant to Federal Rule of Civil Procedure 41, and then presumably the two new plaintiffs should start a new action. Defendant takes this position because it wants to retain the right to move for costs and fees associated with any dismissal. Defendant also claims that the motion is prejudicial, delayed, and made in bad faith.

## **DISCUSSION**

Rule 15 provides that once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be freely granted unless there is undue delay or prejudice, bad faith or dilatory motive, failure to cure deficiencies through previous amendment, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The ultimate decision to grant or deny leave to amend is a matter committed to the court's sound discretion. *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970). The Third Circuit has "made clear that there is to be a liberal use of Rule 15 to amend complaints . . . ." *Leased Optical Dep't, Inc. v. Opti-Center, Inc.*, 120 F.R.D. 476, 479 (D.N.J. 1988) (quotes omitted); *see also Mullin v. Balicki*, 875 F.3d 140 (3d Cir.

---

[1] Plaintiff's specific medical condition is not repeated herein but is disclosed in a sealed certification appearing at ECF No. 67, ¶¶ 10-11.

2017) ("liberal amendment regime" aids policy "favoring resolution of cases on their merits").

The central question on this motion is whether a lead plaintiff in a putative class action may amend the pleading and substitute in different proposed lead plaintiffs. The parties have cited no binding precedent on this issue. Numerous courts in this Circuit and around the country routinely allow pre-certification substitution of lead plaintiffs in a variety of circumstances. District Judge Martini, the judge presiding over this case, has expressly sanctioned substitution. In *Rivet v. Office Depot, Inc.*, Judge Martini unequivocally stated that "<u>Plaintiffs correctly observe that the substitution of class representatives is allowed at the pre-certification stage</u> . . . ." 207 F. Supp. 3d 417, 430 (D.N.J. 2016) (citing *In re Nat'l Austl. Bank Sec. Litig.*, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2016)). Likewise, in *Ceisler v. First Penn. Corp.*, the Court rejected the argument Defendant advances here:

> [Named Plaintiff] now seeks leave of Court to substitute [a new plaintiff] as party plaintiff under [Federal Rules 15 and 21]. Rule 15 may be used to add, drop, or substitute parties to the action.
>
> In response, defendants claim that [the original plaintiff] cannot withdraw from this action under Rule 15. In this regard, defendants . . . contend that [the named plaintiff] must seek dismissal under Fed. R. Civ. P. 41(a)(2). This is erroneous since [the named plaintiff] merely seeks to withdraw as class representative and does not seek to withdraw his claim as a putative class member.

1991 WL 83108, at *3-4 (E.D. Pa. May 13, 1991) (emphasis added).

*In re National Australia Bank Sec. Litig.*, 2006 WL 3844463 (S.D.N.Y. Nov. 8, 2006), cited by Judge Martini in *Rivet,* permits pre-certification substitution of lead plaintiff in a different factual scenario, citing numerous cases including *In re Thornburgh*, 869 F.2d 1503 (D.C. Cir. 1989) and 1 Newberg on Class Actions § 2:26 (4th ed. 2006). *Australia Bank* further debunks defendant's argument that a full dismissal is required as "belied by the great weight of authority." *Id*. Here, Plaintiff's claims remain

4

live. She simply seeks substitution of new lead plaintiff because of her deteriorating health. No court has denied amendment under such circumstances. Indeed, as explained in *Castillo v. United Rentals (N. Am.) Inc.*:

> When the named plaintiff's claims remain live, and the named plaintiff merely seeks to withdraw as the representative, courts have allowed pre-certification substitution. *See Aguilar v. Boulder Brands, Inc.,* No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014). In *Aguilar*, the named plaintiff sought to withdraw as the class representative and join the putative class for personal reasons. *Id.* at *5. In determining whether to allow pre-certification substitution, the court observed:
> [T]he weight of authority allows for a sole named plaintiff and proposed class representative to be substituted prior to class certification when the current plaintiff has not settled her claims or had her claims dismissed and intends to become part of the class, such that her claims persist and the case or controversy remains active, and when plaintiff's counsel is able to produce a proposed substitute immediately.

2018 WL 3429936, at *3 (W.D. Wash. July 16, 2018); *see also Aguilar*, 2014 WL 4352169 (granting leave to amend and substitute a new class representative due to health issues under the more exacting standard of Rule 16, and rejecting undue delay arguments based on the fact that the motion to amend was filed fourteen months after the First Amended Complaint).

The Court acknowledges that Defendant cites authority, mostly out-of-circuit district level cases, that deny substitution. However, none of the authority cited is binding, including the *Bass v. Butler* decision cited therein.[2] And this Court agrees with Judge Martini and the weight of authority that allows for pre-certification amendment. It is both efficient and expeditious to allow Plaintiff to substitute in new lead plaintiffs and proceed with the case, as opposed to extended motion practice under Rule 41, the filing of a new complaint, and the restarting of the case in full.

---

[2] *Bass* is a "not precedential" opinion from the Third Circuit that pre-dates *Rivet*. *See* 116 Fed. Appx. 376, 385 (3d Cir. 2004). *Bass* is factually distinguishable in that the case holds that since a putative lead plaintiff's claim was dismissed on the merits, the class action claim must be dismissed as well. It does not address the propriety of pre-certification amendment or Rule 15 or 41.

Defendant's Rule 41 argument fails for additional reasons. First, Plaintiff is not dismissing her claim; she is simply requesting to be substituted for as lead plaintiff. *See, e.g.*, *Castillo*, 2018 WL 3429936, at *3. Second, it is unclear if plaintiff would actually dismiss the case if this motion were to be denied. Plaintiff's moving brief states "[a]bsent an amendment, however, the new proposed plaintiffs will be required to file a separate action, adding yet one more docket to this already overloaded court. <u>That case will then have to be litigated alongside Ms. Wilson's individual case</u>." (Pl.'s Br. 8) (emphasis added). After dedicating substantial judicial resources to this case (effectively denying two attempts at dismissal and an attempt to stay), it would be inefficient to force a second case to be filed, especially in light of the seemingly universal allowance of substitution of lead plaintiffs due to genuine issues. *See, e.g.*, *Aguilar,* 2014 WL 4352169.

Defendant's Rule 15 based opposition is also without merit. <u>First</u>, Defendant does not establish that it will suffer undue prejudice via the amendment. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406,1414 (3d Cir. 1993). Incidental prejudice is insufficient grounds on which to deny leave to amend. *See In re Caterpillar, Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014). Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non- moving party from bringing a timely action in another forum. *See, e.g., Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, Defendant's claims of prejudice are based on the time it spent investigating Ms. Wilson, and the fact that her substitution out of the case might impact how Defendant choses to defend the case – indeed, much of Defendant's opposition brief delves into whether Ms. Wilson provided consent to be called and whether she could be an adequate representative because of it. If there is a question of Ms. Wilson's consent, it could be argued that removing her from the case would further a decision on the merits of the claim, and take the focus off the individual acts of the lead plaintiff. In all events,

discovery began in earnest only months ago and remains open.  To the extent there is any prejudice, it is incidental and insufficient to deny leave to amend.

Second, despite Defendant's claims to the contrary, there is no evidence of undue delay or bad faith.  "Delay alone . . . is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978); *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (district court erred in not permitting amendment 10 years after original complaint when there was no demonstrated prejudice).  Delay is only undue when it places a burden on the Court or causes prejudice to the non-moving party.  *Marlowe Patent Holdings v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013).  As stated, the Court does not discern prejudice by virtue of the amendment.  And even in isolation, the passage of time here is not dramatic or extended.  Discovery opened only four months ago.  The amendment is timely filed pursuant to the scheduling order.  There is no undue delay.

Third, there is no bad faith.  Defendant contends that the motion should be denied because Plaintiff's counsel continued with the case from filing to now knowing Ms. Wilson was ill – an alleged act of bad faith.  The Court disagrees.  Nothing has been shown to the Court that suggests that Plaintiff's counsel has proceeded in bad faith in proceeding with Ms. Wilson, and the fact that Plaintiff now seeks to amend, while the case is still relatively new, suggests the opposite of bad faith.

Judicial efficiency and effective case management are matters that can be considered in deciding whether amendment should be allowed. *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017). While *Mullin* has a substantially distinguishable factual scenario from this case, the decision nevertheless reaffirmed the liberality with which amendment should be allowed in the interest of justice.  Here, despite any delay that would result from adding the new plaintiffs, it makes sense for the parties and the Court to allow these parties to litigate all their issues in one place and with one judge, particularly one that has ruled on pre-answer motion relating to the merits of the claim.

In sum, common sense and numerous cases routinely allow substitution of lead plaintiffs when the original lead plaintiff can no longer function as lead plaintiff. Any other conclusion would be unjust and a waste of judicial resources, especially in the context and procedural posture of this case. For these reasons, Plaintiff's motion to amend is granted.

## **CONCLUSION**

Based on the above, Plaintiff's motion for leave to file an amended complaint [ECF No. 61] is **GRANTED**.

s/Mark Falk  
**MARK FALK**  
**Chief U.S. Magistrate Judge**

**DATED: January 24, 2020**